IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REALTIME ADAPTIVE STREAMING LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-1692-JFB-SRF |
| NETFLIX, INC., and NETFLIX STREAMING SERVICES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Presently before the court in this patent infringement action is defendants' Netflix, Inc. and Netflix Streaming Services, Inc.'s (collectively, "Netflix") motion to transfer pursuant to 28 U.S.C. § 1404(a).[1] (D.I. 20) For the following reasons, I recommend that the court deny Netflix's motion to transfer.

**II. BACKGROUND**

On November 21, 2017, Realtime Adaptive Streaming LLC ("Realtime") originally filed this patent infringement action against Netflix, asserting infringement of United States Patent Numbers 8,934,535 ("the '535 patent"), 9,769,477 ("the '477 patent"), 9,762,907 ("the '907 patent"), and 7,386,046 ("the '046 patent") (collectively, the "Fallon patents"). (D.I. 1 at ¶ 8) Additionally, Realtime asserts Netflix's infringement of United States Patent Numbers 8,634,462 ("the '462 patent") and 9,578,298 ("the '298 patent") (collectively, the "Non-Fallon patents"). (*Id.*) Realtime is the owner by assignment of the patents-in-suit, which relate to the concept of

---

[1] All briefing associated with this motion may be found at D.I. 21; D.I. 29; D.I. 33.

encoding and decoding data, and the digital compression of data. (*Id.* at ¶¶ 9-14; D.I. 21 at 1; D.I. 29 at 2)

Netflix has both its principal place of business and headquarters in Los Gatos, California, which is within the Northern District of California. (*Id.* at ¶¶ 2-3) Netflix is a Delaware corporation and offers services and products in the District of Delaware. (*Id.* at ¶¶ 2-4) Realtime, a Texas limited liability company, maintains its principal place of business in Tyler, Texas. (*Id.* at ¶ 1)

On February 5, 2018, Netflix filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Realtime failed to allege plausible claims of infringement as to the Non-Fallon patents and challenging the patentability of the Fallon patents under 35 U.S.C. § 101. (D.I. 11; D.I. 13) As of the date of this Report and Recommendation, Netflix's motion to dismiss remains pending.[2]

On April 10, 2018, Realtime filed a motion to transfer pursuant to 28 U.S.C. § 1407 with the United States Judicial Panel on Multidistrict Litigation ("the Panel") to consolidate in the District of Colorado actions it originally brought in Delaware, California, Texas, Massachusetts, and Colorado. (D.I. 19, Ex. A) On May 1, 2018, Netflix filed this pending motion to transfer the case to the Northern District of California. (D.I. 20) On August 1, 2018, the Panel denied Realtime's motion due to the need for defendant-by-defendant analysis of individual design elements. (D.I. 37)

---

[2] Oral argument on Netflix's motion to dismiss, D.I. 11, and the motion to dismiss in the related case against Haivision Network Video Inc. ("Haivision"), C.A. No. 17-1520 D.I. 23, was held on October 2, 2018.

## III. LEGAL STANDARD

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In accordance with the analytical framework described in *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012), the court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). The Third Circuit in *Jumara v. State Farm Ins. Co.* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

3

> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

## IV. DISCUSSION

Netflix moves to transfer this case, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California. (D.I. 20) Realtime opposes Netflix's motion arguing that that the *Jumara* factors weigh against granting the transfer. (D.I. 29) After considering the *Jumara* factors, I recommend that the court deny Netflix's motion to transfer.

### A. Whether the Case Could Have Been Brought in the Northern District of California

It is undisputed that Realtime could have originally filed this case in the Northern District of California. (D.I. 21 at 7; D.I. 29 at 1-4) Venue, personal jurisdiction, and subject matter jurisdiction requirements would all be satisfied in the Northern District of California. *See Blackbird Tech. LLC v. Cloudfare, Inc.*, C.A. No. 17-283, 2017 WL 4543783, at *3 (D. Del. Oct. 11, 2017) (quoting *Smart Auidio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 728 (D. Del. 2012)). Netflix offers the allegedly infringing services worldwide and maintains a principal place of business in Los Gatos, California, within the transferee district. (D.I. 21 at 4-5; D.I. 29 at 7) Therefore, venue would have been proper in the Northern District of California according to the second part of § 1400(b). Finally, the parties do not dispute that the proposed transferee district meets the personal and subject matter jurisdictional requirements. *See* 28 U.S.C. §§ 1331, 1338(a). Having found no dispute that the case could have been brought in the Northern

District of California, the court now turns to analyze the *Jumara* private and public interest factors.

### B. Private Interests

#### a. Plaintiff's Forum Preference

Plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims. *See C. R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, 545 (D. Del. 2016). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal citation and quotation marks omitted). However, the Federal Circuit has accorded less deference to a plaintiff's choice of forum when the plaintiff is not physically located in the chosen forum and the forum is therefore not inherently more convenient for the plaintiff. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011); *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 469-70 (D. Del. 2013).

In the present action, Realtime does not allege that it has facilities, employees, or operations in Delaware. However, this court has found that it is legitimate and rational for a plaintiff to file suit in the defendant's state of incorporation, and Netflix is incorporated in Delaware. *See Genentech, Inc. v. Amgen Inc.*, C.A. No. 17-1407-GMS, 2018 WL 503253, at *3 (D. Del. Jan. 22, 2018); *Elm 3DS Innovations LLC v. SK Hynix Inc.*, C.A. No. 14-1432-LPS-CJB, 2015 WL 4967139, at *4 (D. Del. Aug. 20, 2015). Realtime's choice of Delaware as a forum weighs in its favor, but not as strongly as it would if Realtime had a place of business in Delaware. *See IpVenture, Inc. v. Acer, Inc.*, 879 F. Supp. 2d 426, 431 (D. Del. 2012); *Memory Integrity, LLC v. Intel Corp.*, C.A. No. 13-1804-GMS, 2015 WL 632026, at *3 (D. Del. Feb. 13,

2015) (concluding that a non-practicing entity's choice of forum should receive limited deference because it had no physical presence in Delaware). Accordingly, Realtime's forum preference weighs slightly against transfer.

### b. Defendant's Forum Preference

Netflix's preference to litigate in the Northern District of California, where Netflix maintains its principal place of business, weighs slightly in favor of transfer. Despite its incorporation and offering of services within the District of Delaware, Netflix argues that it does not have relevant connections to this district and that the majority of its relevant witnesses and evidence are located in the transferee district. (*Id.*) However, Netflix's preference is accorded less weight than Realtime's preference. *See Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 678 (D. Del. 2013) (citing *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 699-700 (D. Del. 2013)). This factor weighs slightly in favor of transfer.

### c. Where the Claims Arose

A claim for patent infringement arises wherever someone has committed acts of infringement. *See generally* 35 U.S.C. § 271(a); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention"). Where the infringement claim arose is a neutral factor in the transfer analysis when "the defendant operates on a national or global scale." *Genentech*, 2018 WL 503253, at *4.

Netflix argues that because the development of the accused functionality occurred in the Northern District of California, this factor weighs in favor of transfer. (D.I. 21 at 10) However, Netflix's allegedly infringing products are sold and used nationwide and globally, and therefore the asserted patent claims may be said to arise in Delaware. *See C. R. Bard*, 156 F. Supp. 3d at

6

547 (finding that a patent claim arose in Delaware when the defendant sold products there); *Scientific Telecomm., LLC v. Adtran, Inc.*, C.A. No. 15-647-SLR, 2016 WL 1650760, at *1 (D. Del. Apr. 25, 2016) (holding that, despite ties to Alabama, the defendant operated on a global basis, and its incorporation in Delaware precluded arguments that the forum was inconvenient absent a showing of a unique or unexpected burden). This factor is neutral.

### d. Convenience of the Parties

In evaluating the convenience of the parties, a district court should focus on the parties' relative physical and financial condition. *See C. R. Bard*, 156 F. Supp. 3d at 546 (citing *Jumara*, 55 F.3d at 879). When a party "accept[s] the benefits of incorporation under the laws of the State of Delaware, 'a company should not be successful in arguing that litigation' in Delaware in 'inconvenient,' 'absent some showing of unique or unexpected burden.'" *Scientific Telecomm., LLC v. Adtran, Inc.*, C.A. No. 15-647-SLR, 2016 WL 1650760, at *1 (D. Del. Apr. 25, 2016) (quoting *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001)). "Unless the defendant is truly regional in character—that is, it operates essentially exclusively in a region that does not include Delaware—transfer is almost always inappropriate." *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del 2011).

Netflix argues that because its relevant employees and technology are primarily located in the Northern District of California, this factor should weigh in favor of transfer. (D.I. 21 at 11) Netflix also argues that the court should view any relative financial condition between the parties neutrally because Realtime, being in the business of litigation, should bear the litigation costs of filing a lawsuit. (D.I. 33 at 5)

The record before the court reveals that Netflix is a global corporation engaging in business throughout the United States. (D.I. 29 at 2) However, Netflix has not shown a unique

7

or unexpected burden as required to support transfer under the relevant standard. *See Bistol-Myers Squibb Co. v. Merck & Co.*, C.A. No. 14-1131-GMS, 2015 WL 13683600, at *1 n.1 (D. Del. Apr. 29, 2015) (finding no undue financial burden on a defendant corporation "with global reach and annual revenues in the billions."). Moreover, Netflix's claims of inconvenience are contradicted by its choice to incorporate in Delaware. *See Genentech*, 2018 WL 503253, at *4. This factor is neutral.

### e. Location of Books and Records

The Third Circuit in *Jumara* advised that the location of books and records is only determinative if "the files c[an] not be produced in the alternative forum." 55 F.3d at 879. However, the Federal Circuit has explained that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Nevertheless, courts within the District of Delaware have repeatedly recognized that technological advances have reduced the weight of this factor. *See, e.g., Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d at 485; *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998); *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 372 (D. Del. 2009). Today, "virtually all businesses maintain their books and records in electronic format readily available for review and use at any location." *C. R. Bard*, 156 F. Supp. 3d at 546; *see also Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, 114 F. Supp. 3d 187, 191 (D. Del. 2015).

Netflix argues that most of the relevant evidence in this case will come from the Northern District of California. (D.I. 21 at 13-15) However, Netflix admits that this evidence is "accessible electronically in the Northern District of California." (*Id.* at 14) Netflix did not

8

explain why it could not produce or transport relevant evidence to Delaware. *See Cruise Control Techs. LLC v. Chrysler Grp. LLC*, C.A. No. 12-1755-GMS, 2014 WL 1304820, at *4 (D. Del. Mar. 31, 2014) (concluding that location of books and records is only relevant "where the Defendants show that there are books and records that cannot be transported or transmitted to Delaware."). This factor weighs slightly in favor of transfer.

### f. Convenience of the Witnesses

The relevant inquiry with respect to convenience of the witnesses is not whether witnesses are inconvenienced by litigation, but rather, whether witnesses "may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. The inconvenience of travel does not demonstrate that witnesses would "actually be unavailable for trial," as required by *Jumara*. *Id.* The court has previously found that

> travel expenses and inconveniences incurred for that purpose, by a Delaware defendant, [are] not overly burdensome. From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live. There certainly is no obstacle to [a party] embracing this routine trial practice.

*Oracle Corp. v. epicRealm Licensing, LP.*, No. Civ. 06-414-SLR, 2007 WL 901543, at *4 (D. Del. Mar. 26, 2007). The party seeking transfer must provide specificity regarding "(1) the particular witness to whom it is referring; (2) what that person's testimony might have to do with a trial in this case; and (3) what reason there is to think that the person will 'actually' be unavailable for trial (as opposed to the proffer of a guess or speculation on that front)." *Genedics, LLC v. Meta Company*, C.A. No. 17-1062-CJB, 2018 WL 417950, at *7 (D. Del. Jan. 12, 2018) (citing *Elm 3DS*, 2015 WL 4967139, at *8).

Netflix has not specifically identified any material witness who could not be subpoenaed or would not voluntarily come to Delaware to testify. (D.I. 21 at 13) Instead, Netflix asserts that

9

there are "no known party or third-party witnesses in Delaware." (*Id.*) This is not the proper inquiry and is insufficient for this factor to weigh in favor of transfer. *See Endeavor MeshTech, Inc. v. Aclara Techs. LLC*, C.A. No. 13-1618–GMS, 2015 WL 849211, at *4 (D. Del. Feb. 25, 2015). Additionally, inventors of the Fallon patents live in New York, which is closer to Delaware than California. (D.I. 29 at 12) Although Netflix notes that these inventors previously preferred litigating in Texas, this does not alter the analysis. Because Netflix has not identified any specific witnesses who cannot appear in Delaware for trial, this factor is neutral.

### C. Public Interests[3]

#### a. Practical Considerations

In its analysis of the public interest factors, the court weighs practical considerations that "make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. Netflix argues that this factor favors transfer because litigating in the Northern District of California eliminates the need for its witnesses and attorneys to travel from coast to coast. (D.I. 21 at 15) Netflix also argues that transfer will not overly inconvenience the court because this case, like the other cases filed by Realtime for the infringement of the same patents, is in a very early stage. (*Id.* at 16) Realtime argues that there are other pending cases in the District of Delaware concerning these same patents, compared to none existing in the Northern District of California. (D.I. 29 at 13) Realtime argues that keeping these related cases in the District of Delaware facilitates judicial economy and that litigating in the transferee district would require greater expense for its witnesses in New York and Texas. (*Id.* at 13 n.3)

---

[3] The court notes that the parties do not dispute two of the public interest factors: (1) the enforceability of the judgment; and (2) the familiarity of the trial judge with the applicable state law in diversity cases. (D.I. 21 at 15-17; D.I. 29 at 12-16) These factors are therefore neutral.

Although Netflix may be correct that transfer might decrease expenses incurred through travel, the fact remains that other related cases are before this court.[4] This court has held that in such cases, denying the motion to transfer is in the best interest of judicial economy. *See Schubert v. Cree, Inc.*, C.A. No. 12-922–GMS, 2013 WL 550192, at *5 (D. Del. Feb. 14, 2013) (citing *AIP Acquisition LLC v. iBasis, Inc.*, C.A. No. 12-616-GMS, 2012 WL 5199118, at *5 (D. Del. Oct. 19, 2012)) ("the fact that related cases are currently pending before the court suggests that denying this motion would best serve the interests of judicial economy."); *Smart Audio Techs. LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732-33 (D. Del. 2012). While Netflix argues that this factor could weigh in favor of transfer when a case is in its infancy, this court has also recognized that "a trial judge may develop a familiarity or expertise over a given patented technology over time." *Endeavor*, 2015 WL 849211, at *5. This factor weighs slightly against transfer.

### b. Court Congestion

Netflix avers that this factor weighs in favor of transfer due to the judicial vacancies[5] on this court, citing statistics[6] regarding the current caseload in this district. (D.I. 21 at 17) Realtime argues that the relative difference in congestion between the two districts is

---

[4] There are three other related cases currently pending before this court. First, Realtime filed suit against Brightcove Inc. and Brightcove Holdings, Inc. on October 26, 2017, asserting infringement of the Fallon patents. (C.A. No. 17-1519-CFC-SRF, D.I. 1) Second, Realtime filed suit against Haivision on October 26, 2017, asserting infringement of the Fallon patents. (C.A. No. 17-1520-CFC-SRF, D.I. 1) Finally, Realtime filed a patent infringement suit against Sony Electronics, Inc. on November 21, 2017, asserting infringement of the Fallon patents and Non-Fallon patents. (C.A. No. 17-1693-CFC-SRF, D.I. 1)

[5] Since the completion of briefing on the motion to transfer, the judicial vacancies have been filled.

[6] Netflix avers that the District of Delaware's median time to termination of trial is 345 days compared to 287 days in the Northern District of California. (D.I. 21 at 17) Further, Netflix asserts the median time to trial is 37.8 months in the District of Delaware compared to 32.8 months in the Northern District of California. (*Id.*)

inconsequential. (D.I. 29 at 15) "[T]he case management orders [in this district] always start with the schedules proposed by the litigants . . . . [I]f there is a need to expedite proceedings, that need is generally accommodated by the court." *Godo Kaisha IP Bridge 1 v. OmniVision Techs., Inc.*, 246 F. Supp. 3d 1001, 1003-04 (D. Del. 2017). Additionally, this court has previously found similar differentials in time to trial between districts inconsequential. *See Intellectual Ventures I*, 797 F. Supp. 2d at 486 (finding a 3.7 month differential in time to trial was "inconsequential"). This factor is neutral.

### c. Local Interest

The local interest factor is generally neutral in patent litigation because patent cases "implicate[] constitutionally protected property rights, [are] governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature, and affect[] national (if not global) markets." *C. R. Bard*, 156 F. Supp. 3d at 547 (citing *Cradle IP v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 700-01 (D. Del. 2013)); *see also Tessera, Inc. v. Broadcom Corp.*, C.A. No. 16-379-LPS-CJB, 2017 WL 1065865, at *11 (D. Del. Mar. 21, 2017). However, Netflix argues that the Northern District of California has a local interest in this litigation because this dispute involves California witnesses, services designed in California, and evidence located in California. (D.I. 21 at 16) Because Realtime brings only a federal patent law claim, the local interest factor is neutral.

### d. Public Policy

"The public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for resolution of business disputes." *Graphics Props. Holdings Inc. v. ASUS Comput. Int'l, Inc.*, 964 F. Supp. 2d 320, 331 (D. Del. 2013) (quoting *Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d 597, 604 n.9 (D. Del. 2012)). "Delaware promotes itself as a place that

entities should choose as their corporate home, and in doing so, touts itself as a forum well-positioned to help resolve business disputes." *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, C.A. No. 14-28-LPS, 2015 WL 4778828, at *15 (D. Del. Aug. 13, 2015) (citing *Wacoh*, 845 F. Supp. 2d at 604 n.9 (D. Del. 2012)). Because Netflix is a Delaware corporation, this factor weighs against transfer.

### e. Transfer Analysis Summary

As a whole, the *Jumara* factors weigh against transfer. Although Realtime's forum preference is given slightly less deference because Realtime does not maintain a place of business in Delaware, it is accorded more weight than Netflix's choice of forum. Netflix has noted that some of the relevant evidence and witnesses are located in the Northern District of California. However, Netflix has not shown that the evidence and witnesses would be unavailable if the case is not transferred. Practical considerations slightly weigh against transfer because of other related cases pending before this court. Public policy considerations weigh against transfer because Netflix is a Delaware corporation. The remaining factors are neutral. For these reasons, I recommend that the court deny Netflix's motion to transfer venue.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court deny Netflix's motion to transfer. (D.I. 20)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right

13

to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 12, 2018

Sherry R. Fallon
United States Magistrate Judge